## W. B. LILLARD *v.* B. F. PUCKETT *et al.*

CHANCERY SALE. *Surety on notes.* The surety on notes given for land bought at a chancery sale cannot be freed from his liability by averring or showing that his principal will not get a good title to the land bought. If the principal does not ask that the sale be set aside, the security cannot.

FROM RUTHERFORD.

Appeal from the Chancery Court.

No record can be found.

FREEMAN, J., delivered the opinion of the court.

We need but refer to a few facts in this record to raise the only questions that we deem necessary for the proper disposition of the questions in this case.

A bill was filed by the executor of Charles Puckett, deceased, in the chancery court of Rutherford county, by which, among other things, his lands were asked to be sold. A decree to this effect was made, and the clerk of the court ordered, as commissioner, to sell the same, which was done, Enoch N. Dickson becoming the purchaser at about seventy-five dollars per acre. This sale was made in December, 1859, and reported to this court, when this report was confirmed. Dickson gave two notes with security for the amount bid by him, which fell due, as is alleged

in the bill, before courts were closed by the war. After the war, in 1866, a judgment was taken against Dickson and his sureties for the money due on these notes, the amount with interest being about twenty thousand dollars. It was a part of this decree, and if the amount was not paid by a time fixed, then the land purchased by Dickson should be sold to satisfy the decree, it being the purchase money for the land. In 1867, the clerk and master reported to the court that he had sold the land in pursuance of the former decree, and that Hiram Jenkins became the purchaser at the aggregate sum of $9,644.68, and paid $500 of the same in cash, for balance had given his notes, due in one and two years, with W. R. Jenkins, J. F. Jenkins and Wm. B. Lillard as sureties.

This Wm. B. Lillard, the surety, now files this bill to enjoin the collection of this debt, and insists that, for various irregularities, the sale in the first place was invalid—that is, the one to Dickson—and that the last to his principal is also invalid, and the title obtained, or which may be obtained by Jenkins, will not be good on account of death of parties in the original cause, and failure to revive, and perhaps for other causes.

We do not deem it necessary to go into the details of allegation in this bill, as it is not insisted that there is any ground of defense to the surety growing out of his own contract, that is, that any fraud existed or undue advantage was taken of him. His principal, however, did not in his lifetime seek to avoid the sale, or, at any rate, certainly did not

get clear of his purchase. His heirs do not seek now to do so, and we are totally unable to see any principle on which the surety can be permitted to get clear of his liability on a note given for property purchased by his principal, because he will not get a good title to the property so purchased. If the principal does not avoid the sale, we can see no ground in law or sound reason on which the surety can come forward and insist on having the sale set aside and the purchase declared void, in order to avoid his liability on his suretyship to the notes given. It is true the surety in a case of this kind, on payment of the notes, if the principal was solvent, if insolvent before doing so, might claim the right of substitution to the rights of the creditor, that is, to his lien, and having the property sold for his exoneration or reimbursement; but this right is in affirmance of the contract, and does not involve the right to disaffirm it. We see no ground, as we have said, on which he can claim to do this, and do not feel called on to go into the matters discussed before us. The question we have settled is conclusive of the rights of this complainant in this matter, and it must be so decreed. The complainant will pay the costs of this court; the costs of the court below will be paid as directed by the chancellor.

FREEMAN, J., on petition for rehearing, said:

We have examined petition for rehearing in this case, and can see no ground suggested on which we

can change the result arrived at in former opinion. The fact that the purchaser of the land was dead and insolvent, cannot give the right to his surety on notes for the purchase money of lands to come into a court of chancery to have such sale declared void or set aside. Unless the heirs on whom the estate devolves shall disaffirm it, it must stand. They alone can disaffirm the title then obtained, and until they do this, the surety must stand by this contract in a case like this. A contrary rule would allow the surety to avoid his liability on the note, because he thought the court might adjudge in his favor the title defective, and yet allow the purchaser, or in this case, the heir, to retain the property, his possession being undisturbed.

The principle we lay down in this case is, that the principal having purchased the land, and not having sought to avoid his purchase, nor his heir on whom the estate devolves, the surety cannot do so for them in order to be relieved from his liability on the note for the purchase money. We have been shown no case nor authority that adjudges or holds that he may do so; and until such authority is found, we must stand by the rule announced.

The fact that Jenkins or his heirs may not be able to pay the debt, can certainly not alter the case. The contract may prove a bad one, disastrous even, but while it stands and is not disaffirmed or set aside, and the property remains subject to said contract, the liability for the purchase money remains; the principal is bound for it, and the security can stand on

Lillard *v.* Puckett.

no higher or different grounds on the facts of this case. In addition, we may say that it can scarcely be doubted that should the surety seek to be substituted to the rights of the creditor, the heirs or devisees of the creditor who collect the money out of him through the agency of the court, would not be allowed to disaffirm the validity of a title which they have affirmed by taking the proceeds of the judgments on the notes given for the purchase money. They could not be heard to insist on getting the proceeds and at the same time claim the land for which the money was paid.

We do not think it necessary to answer the various propositions so ingeniously presented in the petition for rehearing. If we are correct in the main position, it is conclusive of the case, and we can have no doubt of the correctness of that position.

Dismiss the petition.